UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ISHAM MOORE,

                     Plaintiff,              **MEMORANDUM & ORDER**
                                           11-CV-1971 (MKB)

    v.

SUPERINTENDENT RANDY JAMES,

                     Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Isham Moore, proceeding *pro se*, brings the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus ("Pet."), Docket Entry No. 1.) Petitioner's claims arise from a 2007 conviction in New York State Supreme Court, Kings County, following a jury verdict convicting Petitioner of reckless assault. (*Id.* at 2.)[1] Petitioner was sentenced to seven years of imprisonment. (*Id.*) Petitioner appealed his conviction to the New York Supreme Court Appellate Division, Second Department (the "Appellate Division"), claiming that: (1) the court should have instructed the jury on the defense of justification and trial counsel was ineffective for not requesting a justification charge; and (2) the trial court erred in submitting a count of assault in the second degree as a lesser-included offense of assault in the first degree to the jury. (*Id.* at 10.) The Appellate Division rejected Petitioner's claims and affirmed his conviction. *See People v. Moore*, 886 N.Y.S.2d. 468, 469 (App. Div. 2009). On appeal to the New York Court of Appeals, Petitioner only raised the

---

[1] Because the Petition is not consecutively paginated and comprises multiple briefings and letters, the Court refers to the Petition by the page numbers assigned by the electronic docket filing system ("ECF").

ineffective assistance of counsel claim, based on defense counsel's failure to raise a justification defense. (*See* Pet. 21.) The Court of Appeals rejected Petitioner's claim and affirmed the conviction. *See People v. Moore*, 15 N.Y.3d 811, 813 (2010). In the instant application, Petitioner asserts that he was: (1) denied due process and the right to a fair trial by the state court's failure to charge the jury on justification; (2) in the alternative, denied the effective assistance of counsel by counsel's failure to request a justification charge; and (3) denied due process and the right to a fair trial by the state court's submission of a reckless second-degree assault charge as a lesser-included offense. For the reasons set forth below, the petition is denied.

## I. Background

### a. Incident and arrest

At trial, complaining witness Cassandra Reed and Petitioner gave conflicting testimony about an incident that took place on June 26, 2005. Reed testified that in the early morning hours of June 26, 2005, she met Petitioner, her boyfriend at the time, at Rockaway Parkway and Rutland Road in Brooklyn, New York, for him to repay her $200.00 she had loaned him. (T. 21–22, 68, 75.)[2] Reed then drove Petitioner to his grandmother's home on Powell Street in Brooklyn. (T. 23–25, 78–79.) Reed testified that after arguing with her in his grandmother's apartment, Petitioner followed her to her vehicle, where he pulled her out of the driver's seat and sat in the driver's seat. (T. 26, 80–82.) Reed then ran around the vehicle and re-entered the vehicle on the passenger side, at which point Petitioner pushed her out of the vehicle. (T. 80–

---

[2] "T." refers to the transcript of petitioner's jury trial held in Supreme Court, Kings County from February 27 to March 1, 2007. (Docket Entry No. 3-1, 3-2, 3-3.) "S." refers to the transcript of Petitioner's sentencing proceedings. (Docket Entry No. 3-3 at 69–81.) In referring to the trial transcript and other state court documents, the Court refers to the original page numbers and not the ECF page numbers.

82.)  Reed then entered the rear passenger side of the vehicle and Petitioner drove the vehicle a short distance.  (*Id.*)  According to Reed, Petitioner brandished "a scalpel" and threatened Reed with it.  (*Id.*)  After a struggle, Petitioner and Reed both fell out of the vehicle.  (*Id.* at 80–94.)  Petitioner reentered the vehicle, but before he could drive away, Reed opened the driver's side door and grabbed the armrest as Petitioner sped off with her feet hanging outside of the vehicle.  (*Id.*)  Reed held onto the armrest for about one-and-a-half blocks as Petitioner swerved in an attempt to remove her from the vehicle, crashing into a parked minivan two times.  (*Id.* at 119–124.)  Petitioner jumped the curb and hit a tree and an iron fence.  (*Id.*)  Petitioner fled the scene and Reed was left lying on the ground with serious injuries.  (*Id.*)

Police Officer Thomas O'Brien testified that he and his partner responded to the scene of the crash, where they found Reed in the back of an ambulance injured and bleeding.  (*Id.* at 99–100.)  Reed told Officer O'Brien that Petitioner was responsible for her injuries and described Petitioner's appearance.  (*Id.* at 99–111.)  Reed was taken to Brookdale Hospital ("Brookdale"), where she was treated by Dr. Harmandeep Singh for a fractured pelvic bone, a large abrasion and deep laceration on her left hip and an abrasion on her right thigh.  (*Id.* at 149–151.)  Dr. Singh testified that Reed's injuries were consistent with her having been caught between two cars and dragged.  (*Id.*)  Reed remained in Brookdale from June 26, 2005, through July 1, 2005.  (*Id.*)

Petitioner presented a different account of the incident at trial.  Petitioner testified that on June 26, 2005, he told Reed to meet him at Rockaway Boulevard and Rutland Road in Brooklyn.  (*Id.* at 171–75.)  After first picking up $1,500.00 in proceeds from his drug sales from a housing project, they went to his grandmother's house on Powell Street in Brooklyn.  (*Id.*)  While he was in his grandmother's apartment counting approximately $30,000.00 in drug sale proceeds, Reed was waiting in the vehicle because there was no parking.  (*Id.*)  Shortly thereafter, Reed parked

the car and came upstairs to his grandmother's apartment, where Reed and Petitioner had an argument and Reed left. (*Id.* at 173–76.) Petitioner told Reed to wait for him while he got the bag with the money, and he joined her in the vehicle. (*Id.* at 177–78.) Reed drove a short distance to the local convenience store, where Petitioner hid the bag of money under the front passenger seat and got out of the vehicle. (*Id.* at 178.) Reed then drove off to wait for him, leaving him alone at the store. (*Id.* at 180.) When Petitioner returned to the vehicle, Reed had exited the vehicle, leaving it running and unattended while she spoke on her cellular telephone. Petitioner entered the driver's seat and urged Reed to hurry up with her telephone call. (*Id.* at 178–183, 188, 190.) Before Reed returned to the vehicle, a man named "Doc" appeared with a gun, opened the front passenger door, took the bag of money and demanded Petitioner's jewelry.[3] (*Id.* at 181–83, 190.) After taking the jewelry, Doc backed away from the car. Fearful for his life, Petitioner ducked down and hit the gas pedal while holding onto the steering wheel. (*Id.* at 183–84, 191, 194.) Reed reached through the driver's side window and grabbed the steering wheel. (*Id.* at 184–85, 207–08.) Petitioner drove about fifteen or twenty feet, sideswiping a car and hitting a tree. (*Id.* at 185, 193, 195.) He did not initially see Reed, nor did he have any intention of hurting her. (*Id.*) At some point, Petitioner realized that Reed was dangling outside of the car while grasping the steering wheel. (*Id.* at 184, 187, 194.) After the crash, Petitioner exited the vehicle and saw Reed lying on the ground, but because he was afraid of the police and unable to report the theft of drug sale proceeds, he fled. (*Id.* at 185–86, 196, 203.)

---

[3] Petitioner testified that he had previously met "Doc," the father of one of Reed's children, when he accidently struck Doc's car with Reed's vehicle on a prior occasion. (T. 165–66). Later in the day of the prior incident, Doc and another man came back with guns and fired shots at Petitioner in broad daylight. (*Id.*) Petitioner testified that the police were never called to the scene of this shooting. (*Id.* at 167–68, 203–206).

### b.   Charges and trial

Petitioner was apprehended in North Carolina on September 12, 2005, and was extradited to New York on September 20, 2005.  (Pet. 25; T. 132–33, 186–87, 202–03.)  Petitioner was charged with one count each of assault in the first degree, attempted robbery in the first degree, assault in the second degree, attempted robbery in the second degree, attempted robbery in the third degree and assault in the third degree.  (Aff. in Opp. to Pet. ("Aff. in Opp.") 2, Docket Entry No. 3.)

During the charging conference, the Honorable Alan Marrus advised the parties that he intended to submit to the jury the charge of second-degree assault as a lesser-included offense of first-degree assault.  (T. 213–14.)  Defense counsel objected and noted that Reed's testimony only supported a finding of an intentional assault.  (*Id.* at 214–15.)  Judge Marrus determined that a reasonable view of the evidence supported the second-degree reckless assault charge.  (*Id.* at 215.)  Defense counsel did not request a justification instruction.

During summations, defense counsel argued that the People failed to prove an intentional assault or an attempt to rob Reed.  (*Id.* at 221.)  Defense counsel further argued that Reed's testimony was incredible and did not make sense, and that Petitioner's testimony stated what truly happened.  (*Id.* at 227, 230–31.)  Defense counsel never addressed the lesser-included offense of reckless assault.  (*Id.* at 232–33.)  The People argued that Reed's testimony was more credible and that the jury should conclude that Petitioner intentionally injured Reed to steal her car.  (*Id.* at 250–54.)  The People also argued that, in the alternative, the jury could find that Petitioner had recklessly caused Reed's injuries.  (*Id.* at 255–56.)

### c.  Jury verdict and sentencing

Petitioner was acquitted of intentional assault and attempted robbery, but was found guilty of reckless assault.  (T. 283–84.)  He was sentenced to the maximum sentence of seven-years of imprisonment with five years of post-release supervision.  (S. 10–12.)  Petitioner was granted conditional release from custody on December 28, 2012.[4]

### d.  Appeals

Petitioner timely appealed the judgment of conviction to the Appellate Division, claiming:  (1) the trial court should have instructed the jury on the defense of justification; or (2), in the alternative, trial counsel was ineffective for not requesting a justification charge; and (3) the trial court erred in submitting to the jury a count of assault in the second degree as a lesser-included offense of assault in the first degree.  (Pet. Br. in Supp. of Appeal to App. Div. ("Pet. App. Div. Br.") 3,[5] annexed to Aff. in Opp. as Ex. 4.)  The Appellate Division rejected Petitioner's claims and affirmed his conviction.  *See Moore*, 886 N.Y.S.2d. at 469.  The Appellate Division held that Petitioner's claim that the trial court should have instructed the jury on a justification charge was not preserved for review and, in any event, was without merit.  *Id.* at 470–71.  The court concluded that Petitioner's view of the evidence failed to support a justification charge because the defense theory of the case was that "the complainant was the sole cause of her own injuries, since she suddenly reached into the vehicle, grabbed the steering

---

[4]  Petitioner is no longer in custody but was in custody at the time of the filing of the petition.  (*See* Pet'r Letter dated June 4, 2015, Docket Entry No. 9.)  Petitioner therefore satisfies the requirement that he be "'in custody pursuant to the judgment of a State court' at the time that his petition was filed."  *See Nowakowski v. New York*, --- F.3d ---, ---, 2016 WL 4487985, at *3 (2d Cir. Aug. 26, 2016) (first quoting 28 U.S.C. § 2254(a); and then citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

[5]  Because the parties' briefs to the Appellate Division and Court of Appeals are consolidated within Exhibits 4 and 5 to Respondent's Affidavit in Opposition to the Petition, the Court refers to the page numbers assigned by ECF.

wheel, and immediately caused the collision." *Id.* at 471. The court also held that Petitioner was not denied the effective assistance of counsel because counsel failed to request a justification charge. *Id.* at 470–71. The Appellate Division noted that defense counsel "presented a viable defense to the charged crimes, made appropriate motions . . . and presented a cogent summation argument." *Id.* at 471–72. The court further held that the submission of reckless assault as a lesser-included offense was supported by a reasonable review of the evidence. *Id.* at 470. A single Justice of the Appellate Division dissented, concluding that trial counsel was ineffective for failing to request the justification charge and for failing to address the issue in summation, and that a justification defense should have been submitted to the jury. *Id.* at 473–77.

On appeal to the New York Court of Appeals, Petitioner raised only the ineffective assistance of counsel claim based on defense counsel's failure to raise a justification defense. *See Moore*, 15 N.Y.3d at 813; (*see also* Pet. Br. in Supp. of Appeal to N.Y. Ct. App. ("Pet. Ct. App. Br.") 17–30, annexed to Aff. in Opp. As Ex. 5). The Court of Appeals affirmed the conviction, holding that Petitioner "failed to establish that his attorney provided ineffective assistance because of her failure to request a justification charge." *Id.* at 813. Moreover, the Court of Appeals held that there were "sound strategic reasons for counsel's decision not to request such a charge." *Id.* Finally, the Court held that "even if this were not the case, [D]efendant cannot show that he was entitled to a justification charge under any favorable interpretation of the testimony presented at trial." *Id.*

Petitioner timely filed the instant petition on April 20, 2011, claiming that: (1) he was denied due process and a fair trial by the trial court's failure to charge the jury on justification; (2) or, in the alternative, he was denied the effective assistance of counsel by counsel's failure to request a justification charge; and (3) he was denied due process and a fair trial by the trial

court's submission of a reckless second-degree assault charge as a lesser-included offense.

(*See* Pet. 5, 19.)

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of *habeas corpus* by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Hittson v. Chatman*, 575 U.S. ---, ---, 135 S. Ct. 2126, 2126 (Jun. 15, 2015); *Woods v. Donald*, 575 U.S. ---, ---, 135 S. Ct. 1372, 1374 (Mar. 30, 2015) (per curiam); *Johnson v. Williams*, 568 U.S. ---, ---, 133 S. Ct. 1088, 1091 (Feb. 20, 2013).

For the purposes of federal *habeas* review, "clearly established law" is defined as the "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than the one reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. Factual determinations made by the

state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Justification charge

Petitioner claims that he was denied due process of law because the trial court failed to instruct the jury, *sua sponte*, on the defense of justification to assault. (Pet. 19.) In the alternative, Petitioner claims that he was denied the effective assistance of counsel because trial counsel failed to request such an instruction. (*Id.*) Respondent, the State of New York, argues that Petitioner's claim that the trial court erred is procedurally barred, and Petitioner's claim that he was denied the effective assistance of counsel was neither contrary to, nor involved an unreasonable application of, constitutional law. (Aff. in Opp. 9, 21.)

### i. Failure of trial judge to give justification charge *sua sponte*

Petitioner argues that the trial court erred in failing to *sua sponte* submit a justification charge to the jury. (Pet. 10.) Respondent argues that although Petitioner raised this claim to the Appellate Division, that court found that Petitioner's claim was procedurally barred because his counsel did not contemporaneously object to the trial court's failure to charge the jury on a justification defense.[6] (Aff. in Opp. 10, 11.)

---

[6] New York's contemporaneous objection rule provides:

> For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in reponse [sic] to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular

On appeal to the Appellate Division, Petitioner argued that the trial court's failure to *sua sponte* give the jury a justification charge denied Petitioner his "due process right to a fair trial," or, alternatively, defense counsel's failure to request the same justification charge denied Petitioner his right to effective assistance of counsel. (Pet. App. Div. Br. 2, 4.) Petitioner also argued that the trial court erred in submitting to the jury a charge of reckless second-degree assault as a lesser-included offense of first-degree assault. (*Id.*) The Appellate Division held that Petitioner's "contention that the trial court should have instructed the jury with regard to the defense of justification . . . is unpreserved for appellate review, since he never requested such a charge." The Appellate Division further held that even if Petitioner's claim had been preserved, "the trial court was under no obligation to give the charge, *sua sponte*, under the circumstances of this case, nor did a reasonable view of [Petitioner's] trial testimony support the submission of such a defense." *Moore*, 886 N.Y.S.2d at 470–71 (citing *People v. Castano*, 654 N.Y.S.2d 7 (App. Div. 1997)). On appeal to the New York Court of Appeals, Petitioner raised only the claim of ineffective assistance of counsel based on defense counsel's failure to request a justification charge.[7] (Pet. Ct. App. Br. 17–30.)

---

> ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

N.Y. Crim. Proc. Law § 470.05(2).

[7] Respondent argues that because Petitioner did not raise on appeal to the Court of Appeals his claim that the trial judge erred, and because Petitioner no longer has an available state forum in which to raise that claim now, his claim should be deemed "exhausted but . . . procedurally barred." (Aff. in Opp. 11.) The Court liberally construes the petition and finds that Petitioner exhausted this claim in the state courts when he argued that he was entitled to a justification charge and that the trial judge's failure to issue the justification charge, coupled with his counsel's failure to request the justification charge, violated his constitutional rights.

### 1. Petitioner's claim is procedurally barred

Federal courts are generally not permitted to "review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis,* 188 F.3d 71, 77 (2d Cir. 1999)).

It is well-settled that New York's contemporaneous objection rule is an adequate and independent ground that bars federal habeas review. *Kozlowski v. Hulihan*, 511 F. App'x 21, 25 (2d Cir. 2013) ("[T]he contemporaneous objection rule provides an independent state-law ground for barring federal habeas review."); *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) ("[W]e have held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."); *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *see also Wright v. Lee*, No. 12-CV-6140, 2013 WL 1668266, at *2 (E.D.N.Y. April 17, 2013) ("It is well settled that New York's contemporaneous objection rule . . . is an independent and adequate state law ground that ordinarily precludes federal habeas corpus review."); *Williams v. Ercole*, No. 09-CV-0363, 2011 WL 4944268, at *6 (E.D.N.Y. Oct. 12, 2011) (finding adequate and independent state law grounds where the petitioner failed to raise his legal insufficiency claim at trial).

"[W]hen a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." *Green v. Travis*, 414

F.3d 288, 294 (2d Cir. 2005) (quoting *Glenn v. Bartlett*, 98 F.3d 721, 725 (2d Cir. 1996));

*Edwards v. Rock*, No. 09-CV-1387, 2013 WL 80176, at *10 (E.D.N.Y. Jan. 7, 2013); *Young v.*

*New York*, No. 11-CV-0110, 2012 WL 6644993, at *12 (E.D.N.Y. Dec. 20, 2012) ("When a state

court relies on an independent and adequate state law ground — such as, in this case, failure to

preserve the issue for appeal — federal habeas review is foreclosed.  This is true even if the state

court rules in the alternative on the merits of petitioner's claims." (citations omitted)).

Here, Petitioner's claim is procedurally barred because his failure to preserve his claim

by raising a contemporaneous objection at trial was an adequate and independent state law

ground upon which the Appellate Division rested its decision.  In addition to specifically stating

that Petitioner's legal insufficiency claim was "unpreserved for appellate review," the Appellate

Division also stated that the trial court had no obligation to charge the jury on justification.

*Moore*, 886 N.Y.S.2d at 470–71.  However, the fact that the Appellate Division proceeded to

evaluate the merits of Petitioner's claim does not eliminate the procedural bar.  *See Green*, 414

F.3d at 294 (holding that where a claim is procedurally defaulted but the court continues to rule

on the merits, the procedural default is an adequate and independent ground for the decision).

Accordingly, despite the alternative holding by the Appellate Division that "the trial court was

under no obligation to give the charge, *sua sponte* under the circumstances of this case . . . nor

did a reasonable view of the defendant's trial testimony support the submission of such a

defense," *Moore*, 886 N.Y.S.2d at 471, Petitioner's claim is procedurally barred.

### 2. Petitioner has not alleged circumstances justifying an exception to procedural bar

A federal court may review a claim that is procedurally barred by an independent and

adequate state ground if "the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also House v. Bell*, 547 U.S. 518, 536 (2006) ("As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error . . . . The bar is not, however, unqualified . . . . [T]he Court has recognized a miscarriage-of-justice exception." (citations omitted)); *Rush v. Lempke*, 500 F. App'x 12, 15 (2d Cir. 2012) ("When a petitioner 'has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" (quoting *Coleman*, 501 U.S. at 750)).

"The cause requirement is met if some objective factor, external to [the] [p]etitioner's defense, interfered with his ability to comply with the state's procedural rule." *Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012); *see also Maples v. Thomas*, 565 U.S. ---, ---, 132 S. Ct. 912, 922 (2012); *Lawson v. McGinnis*, No. 04-CV-2345, 2013 WL 789173, at *9 (E.D.N.Y. Mar. 1, 2013). For example, a petitioner may make "a showing that the factual or legal basis for a claim was not reasonably available to counsel at the time of trial." *Gutierrez*, 702 F.3d at 111 (internal quotation marks omitted) (quoting *Stickler v. Greene*, 527 U.S. 263, 283 n.24 (1999)). Prejudice is established when a petitioner is able to show that the alleged errors at trial resulted in "substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Gutierrez*, 702 F.3d at 112 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *see also Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003); *Taylor v. Connelly,* 18 F. Supp. 3d 242, 265 (E.D.N.Y. 2014); *White v. Rock*, No. 10-CV-5163, 2013 WL 1767784, at *20 (E.D.N.Y. Apr. 22, 2013). A fundamental miscarriage of justice arises when a petitioner "is actually

innocent of the crime for which he has been convicted." *Cotto v. Herbert*, 331 F.3d 217, 239 n.10 (2d Cir. 2003) (quoting *Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002)); *see also McQuiggin v. Perkins*, 569 U.S. ---, ---, 133 S. Ct. 1924, 1927 (2013) ("[The] fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993))); *Blount v. Napoli*, No. 09-CV-4526, 2012 WL 4755364, at *14 (E.D.N.Y. Oct. 5, 2012).

Here, although a federal court may review a claim that is procedurally barred under certain circumstances, Petitioner has not alleged circumstances justifying such review. Petitioner has not argued that there was cause "external to [his] defense" for the procedural default or actual prejudice. *See Gutierrez*, 702 F.3d at 111. Nor has Petitioner made a claim of actual innocence. Therefore, failure to review Petitioner's claim will not result in a miscarriage of justice. The Court is procedurally barred from reviewing Petitioner's claim that the trial judge erred in failing to instruct the jury on a justification defense.

### ii. Failure of counsel to request justification charge

Petitioner claims in the alternative that his trial counsel's failure to request a justification charge violated his right to the effective assistance of counsel. (Pet. 19.) Respondent argues that the state court decisions on Petitioner's ineffective assistance of counsel claim were neither contrary to, nor involved an unreasonable application of, constitutional law. (Aff. in Opp. 21.)

"[L]egal representation violates the Sixth Amendment if it falls 'below an objective standard of reasonableness' as indicated by 'prevailing professional norms,' and the defendant suffers prejudice as a result." *Chaldez v. United States*, 568 U.S. ---, ---, 133 S.Ct. 1103, 1107 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, (1984)); *see also Premo v.*

*Moore*, 562 U.S. 115, 121 (2011). "To establish ineffective assistance of counsel a defendant must show both deficient performance by counsel and prejudice." *Id.* (internal quotation marks omitted). "Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' the Supreme Court established that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (alteration in original) (quoting *Strickland*, 466 U.S. at 689, 690); *see also Bierenbaum v. Graham*, 607 F.3d 36, 50–51 (2d Cir. 2010) (stating that the *Strickland* standard is "highly deferential" to eliminate the "distorting effects of hindsight").

The "highly deferential" *Strickland* standard is made "doubly so" on habeas review, as AEDPA requires deference to the state court's ruling. *Premo*, 562 U.S. at 122; *accord Santone v. Fischer*, 689 F.3d 138, 154 (2d Cir. 2012). Thus, on habeas review, "the question is not whether counsel's actions were reasonable . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "Surmounting *Strickland*'s high bar is never an easy task." *Id.* (citing *Padilla v. Kentucky*, 559 U.S. 356, 371, (2010)).

Here, the state courts decided Petitioner's claim of ineffective assistance of counsel on the merits.[8] Therefore, the state court decision is afforded deference under the AEDPA, and the

---

[8] "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001)); *see also Kernan v. Hinojosa*, 578 U.S. ---, ---, 136 S. Ct. 1603, 1606 (May 16, 2016); *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Petitioner raised his ineffective assistance of counsel claim before the Appellate Division and the New York Court of Appeals, alleging a violation of his Sixth Amendment rights under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). (Pet. 27–28). While the Appellate Division discussed the New York standard for effective assistance of counsel, the use

Petitioner must establish that the state court's rejection of the claim was "an unreasonable application of clearly established federal law." *See Tavarez v. Larkin*, 814 F.3d 644, 648–49 (2d Cir. 2016); *see also Kernan v. Hinojosa*, 578 U.S. ---, ---, 136 S. Ct. 1603, 1606 (May 16, 2016) (holding that the Ninth Circuit should have viewed the decision of the Supreme Court of California "through AEDPA's deferential lens" where the Supreme Court of California was found to have adjudicated the case on the merits).

Turning to the first prong of the *Strickland* test, there is no indication that counsel's conduct was "unreasonably deficient under prevailing professional standards." *Nosov v. United States*, 526 F. App'x. 127, 128 (2d Cir. 2013) (citing *Strickland,* 466 U.S. at 687); *see also Tavarez*, 814 F.3d at 648 (noting that the petitioner must show "1) that his attorney's performance 'fell below an objective standard of reasonableness' and 2) that there was prejudice, meaning a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (citing *Strickland*, 466 U.S. at 688, 694)).  As previously discussed, the Appellate Division held that "[v]iewing the record in its totality, it is clear that defendant was afforded meaningful representation." *Moore*, 886 N.Y.S.2d at 471.  The Appellate Division noted that "[t]rial counsel engaged in searching cross-examination, presented a viable defense to the charged crimes, made appropriate motions on [] [D]efendant's behalf and presented a cogent summation to the jury . . . [resulting] in [] [D]efendant's acquittal of the two

---

of the phrase "meaningful representation," along with the absence of any discussion of a procedural bar on this claim, constitutes an adjudication on the merits of petitioner's federal ineffective assistance of counsel claims. *See Gersten v. Senkowski*, 426 F.3d 588, 606 (2d Cir. 2005) (holding that the state court decided petitioner's ineffective assistance of counsel claim on the merits where the court determined that the defendant received meaningful representation); *see also Eze v. Senkowski*, 321 F.3d 110, 123-24 (2d Cir. 2003); *Lolisco v.Goord*, 263 F.3d 178, 193 (2d Cir. 2001); *Ascencio v. McKinney*, 05-CV-1026, 2007 WL 2116253 at *14 (E.D.N.Y. July 20, 2007).

most serious charges of the three charges against him." *Id.* Moreover, the Appellate Division found that a justification charge was not reasonable in light of Defendant's own testimony that Reed caused her own injuries because of her own reckless behavior in grabbing the steering wheel and causing the accident. *Id.* at 472. The Appellate Division concluded that "trial counsel can hardly be faulted for failing to request an instruction which did not apply to the evidence in the case, since such a request would have little or no chance of success." *Id.* (citations omitted).

Further, the Appellate Division concluded that there was "an obvious strategic explanation" for the decision not to request the justification charge. *Id.* Because Petitioner "had advanced the defense that the complainant's injuries had resulted from her own reckless conduct, it would be manifestly inconsistent for counsel to simultaneously argue in the alternative that they resulted from [] [D]efendant's actions, albeit justifiable." *Id.* The court further noted that "even if, as a theoretical matter, a justification charge could have applied to the evidence presented at trial, counsel's strategic election not to pursue it was consistent with her client's testimony and it avoided presenting to the jury two dramatically inconsistent defenses . . . which could well have caused the jury to disbelieve the [D]efendant altogether and reject both defenses." *Id.* (citations omitted). The Court of Appeals affirmed this reasoning, stating that "[t]here are sound strategic reasons for counsel's decision not to request such a [justification] charge." *Moore*, 908 N.Y.S.2d at 146.

The record supports the state court's decision that counsel's failure to request a justification charge was reasonable under the circumstances. Such a charge was inconsistent with the defense proffered by Petitioner — that Reed was the cause of her own injuries. There is therefore no indication that Petitioner's counsel provided representation that "[fell] below an objective standard of reasonableness," or, in view of AEDPA, that the state court's decision was

contrary to or an unreasonable application of clearly established federal law. *See Strickland*, 466 U.S. at 687–88. Therefore, Petitioner's ineffective assistance of counsel claim is denied.

### c. Lesser-included offense

Petitioner argues that he was denied due process and a fair trial by the trial court's submission to the jury of a reckless second-degree assault charge as a lesser-included offense. (Pet. 19.) Respondent argues that Petitioner has not exhausted this claim because he did not present it to the highest state court possible. (Aff. in Opp. 27.)

A federal court may not grant a writ of habeas corpus unless a petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts state court remedies by fairly presenting each federal claim for relief to the highest state court capable of review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Pickard v. Connor*, 404 U.S. 270, 275-76 (1971) ("[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."); *Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808-09 (2d Cir. 2000). "The purpose of the exhaustion requirement is to ensure that a state court is given the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Jackson*, 404 F.3d at 618 (quoting *Pickard*, 404 U.S. at 275). Consistent with this principle, "a state prisoner [must] present the state courts with the same claim he urges upon the federal courts." *Pickard*, 404 U.S. at 276.

Here, the Appellate Division held that the trial court properly submitted the lesser-included offense of reckless assault in the second degree to the jury "since there was a reasonable view of the evidence which would support a finding that the defendant committed that crime but not the greater offense of assault in the first degree." *Moore*, 886 N.Y.S.2d at 470. However, Petitioner abandoned this claim at the New York Court of Appeals. (*See generally* Pet. Ct. App.

Br.)  Accordingly, because Petitioner failed to present this claim to the highest state court, the claim is unexhausted and procedurally barred.

Even if Petitioner had properly exhausted the claim, it is still denied as without merit. The United States Supreme Court has found that in capital cases, due process requires a trial court to instruct a jury on lesser-included offenses, if the evidence warrants such a charge.  *Beck v. Alabama*, 447 U.S. 625, 637–38 (1980).  However, neither the Supreme Court nor the Second Circuit has decided whether a trial court's *sua sponte* instruction to the jury on a lesser-included offense in a non-capital case is a constitutional issue that may be considered on a habeas petition. *Cf. Hopkins v. Reeves*, 524 U.S. 88, 96–97 (1998) ("Almost all States . . . provide instructions only on those offenses that have been deemed to constitute lesser included offenses of the charged crime.  We have never suggested that the Constitution requires anything more."); *Campaneria v. Reid*, 891 F.2d 1014, 1022 (2d Cir. 1989) (stating that the Second Circuit has yet to decide the related issue of whether due process requires a charge of lesser-included offenses in non-capital cases, but finding that it was not required to reach that question because no reasonable view of the evidence would entitle the defendant to an instruction on the lesser-included offense).   The Court therefore denies habeas corpus relief, as the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law.

### III.   Conclusion

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. The Clerk of the Court shall enter judgment and close this case.  Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall be issued.  28 U.S.C. § 2253; *see Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds*, *U.S. v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the

standard for issuing a certificate for appealability); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000), *cert. denied*, 531 U.S. 873 (2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 4, 2016
      Brooklyn, New York